## 54094. KEMP v. THE STATE.

BANKE, Judge.

The appellant was convicted of two counts of forgery in the first degree and one count of forgery in the second degree. He appeals the overruling of his motion for new trial. We affirm.

1. The appellant contends that the verdicts were not supported by the evidence. The evidence was clearly sufficient to establish that the appellant forged three checks and cashed or attempted to cash two of them, the third check being made out to another person as payee. However, the indictments specifically charged him with committing the forgeries by use of a fictitious name, whereas the appellant contends that the evidence showed that he signed the name of a real person to the checks.

The checks were imprinted with the name and

address of Earl L. Manning. Mr. Manning testified at trial that the checks had been stolen from his office, thereby establishing his identity as nonfictional. It is true as urged by the appellant that during the initial stages of the trial the state attempted to show that Earl L. Manning's name was the name purportedly signed to the checks as drawer. However, the jury was authorized to conclude from its own examination that the checks in evidence were actually signed "Earl L. Mannings," "Earl Mannig," and "Earl L. Mann." The jury was also authorized to conclude from the testimony that no one by any of these three names had an account at the bank on which the checks were drawn and that these were not the names of any individuals known in the community. This evidence was sufficient to establish that the forgeries were committed by the use of fictitious names. See *Mobley v. State,* 101 Ga. App. 317 (1) (c) (113 SE2d 654) (1960). Accordingly, the trial court did not err in denying the appellant's motions for directed verdict and in overruling his motion for new trial on the general grounds.

2. During closing argument, counsel for the state explained to the jury, over objection, why the state chose to seek indictments for forgery by use of a fictitious name as opposed to forgery by some other method. The trial court did not err in overruling the objection. The jury was clearly instructed that the indictments were not to be considered as evidence and that no inference of guilt was to be drawn therefrom. The remarks of the state's attorney did not indicate otherwise, but were merely an explanation of the charges. Although the appellant's counsel appears to be correct in his contention that the state initially set out to prove the use of a nonfictitious name, it does not follow that the state was thereby precluded from explaining to the jury the correct nature of the charges.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Submitted June 9, 1977 — Decided July 13, 1977 — Rehearing denied July 29, 1977 —

Henderson & Chambers, T. Michael Chambers, for appellant.

Charles Pannell, Jr., District Attorney, James E. Bethel, Assistant District Attorney, for appellee.